Dear Mr. Rietschier and Mr. Taylor:
You each requested the opinion of this office concerning whether the Assessor could charge the taxing body the cost of putting a new tax on the assessment rolls.
In Ops.Atty.Gen. 02-0489 and 02-0489(A), this office stated that Louisiana law provides two alternative means for funding the salary and expenses of the assessors. First, R.S. 47:1906 authorizes a pro rata deduction from the ad valorem tax recipient bodies as follows in pertinent part:
 A. There shall be a fund for the payment of the salaries and allowances of the assessors, and all recipients of taxes, whether state, parish, school, levee, drainage, or others, shall contribute their full proportion of the total due in accordance with the amount of taxes to be received by each. The pro rata due the assessor's salary and expense allowance, except exempted municipalities, shall be remitted direct to the assessor by the sheriff and ex officio tax collector from the first tax collections when the tax rolls are filed each year, and prorated among the state, parish, school, levee, drainage and other recipients of taxes in proportion to the amount of taxes to be received by each.
 B. In all cases where towns or cities are exempted by law, in whole or in part from the payment of parish taxes, such towns or cities shall pay to the assessor their proportionate share of the salary and expenses of the assessor, based upon the taxes such towns and cities would have paid into the parish treasury had they not been so exempted.
 C. The assessors shall render to the legislative auditor sworn statements showing the total amount of taxes assessed for account of the state, parish, school, road, drainage, levee, and all other purposes, also showing the portion thereof that may be appropriated to be due upon his salary and expenses by each recipient. A copy of the report, certified by the legislative auditor, shall also be filed with the sheriff and ex officio tax collector, and a copy of the certified report shall be filed with the tax collectors of the exempted municipalities.
 D. The pro rata due the assessor's salary and expense allowance by the various tax recipients, except exempted municipalities, as shown by the compensation statement, shall be paid direct to the assessor by the sheriff and tax collector from the first tax collections. The pro rata due by each exempted municipality, as shown by the compensation statement, shall be paid by the municipality direct to the assessor.
 E. (1) The governing authority of the parish and the parish school board shall advance to the assessor's salary and expense fund such funds as may be necessary in proportion to the amount of taxes levied by each for all purposes, as shown by the last completed and filed tax roll, inclusive of all special taxes levied by road and school districts, which advances so made shall be reimbursed without interest to the governing authority and parish school board by the assessor's salary and expense fund when the compensation provided for is paid to the assessor by the parish sheriff and ex officio tax collector and the exempted municipalities. (Emphasis added)
Alternatively, an ad valorem tax may be levied by the assessor acting as a tax assessment district pursuant to R.S. 47:1925.1, et seq. R.S.47:1925.1 states that assessment districts are to provide an optional method of funding the office of assessor the certain listed parishes, which includes the Livingston Parish assessor. The assessment districts for the listed parishes are created in R.S. 47:1925.2. Funding is provided in R.S. 47:1925.3 which provides in pertinent part:
 A. Except in Orleans Parish, the district hereby created shall levy a tax on the assessed valuation of all taxable property appearing on the 1985 and subsequent tax rolls, without a vote of the people, in an amount that will produce for the district in the initial year that the option is exercised the same revenue as that authorized by law to be deducted pro rata from that year's tax roll for the assessor's salary and expense fund. In Orleans Parish, the district hereby created shall levy a tax on the assessed valuation of all taxable property appearing on the 1987 and subsequent tax rolls, without a vote of the people, in an amount that will produce for the district in the initial year that the option is exercised the same revenue as that which was received by the Board of Assessors for Orleans Parish from the city of New Orleans and the state of Louisiana during 1986. Except for the Board of Assessors of Orleans Parish, in addition to the millage, the assessor shall file a compensation statement with the auditor in order to receive necessary funds to cover the expenses of the assessor's office for the current year. However, the taxes generated by the millage levied shall be collected free of deductions for retirement systems. The amount of millage to be assessed shall be determined and certified by the legislative auditor by dividing the net tax roll as of January first of the year of implementation into the salary and expense account and salary and personal expense allowance of the assessor for the current year. This millage adopted shall remain in effect in subsequent years unless changed as provided by law.
 B. The total amount of ad valorem taxes received by the district shall never be less than that received by the district in the initial year. The assessor and ex officio chief executive officer of the district may adjust the millage levied, without the necessity of a public referendum, so as to assure that such funding does not fall below that of the initial year.
 C. In addition to the taxes authorized herein the district or a subdistrict created by the district may impose additional millages in any district or subdistrict when approved by a majority of the electors voting thereon in an election held for that purpose, and any taxes generated by such additional millages shall be levied subject to deductions for retirement systems. This election may be called by the assessor and ex officio executive officer of the district. The cost of the election shall be borne by the assessor's salary and expense fund unless the election is concurrent with another election, in which event the district or subdistrict shall bear a proportionate share of the cost. (Emphasis added)
R.S. 47:1925.4 provides for a mandatory roll back, as follows:
 A. The total amount of ad valorem taxes received by other taxing authorities in the district shall not be increased because of the provisions of this Part. To accomplish this result, it shall be mandatory for each affected taxing authority in the year following the year in which the special district provided for herein is implemented to adjust millages so that taxes are not increased as a result of the implementation of the special district provided for herein; each taxing district whose jurisdiction encompasses more than one parish shall adjust its millage so that the adjusted millage is uniform throughout the district. Thereafter such millages shall remain in effect unless changed or increased in a manner provided by law. In the event a taxing authority increases the taxes authorized under this Part without a public referendum, such taxing authority shall have deducted from its share of state revenue sharing funds an amount equal to such taxes increased without a public referendum plus a penalty of fifteen percent of such amount.
 B. Nothing herein shall prohibit a taxing authority from collecting in the year in which the special district is created or in any subsequent year a larger dollar amount of ad valorem taxes by any of the following:
 (1) Levying additional or increased millages as provided by law.
(2) Putting additional property on the tax rolls.
(3) Increases in the fair market or use value of the property.
 C. This Section shall not apply to millages required to be levied for the payment of general obligation bonds.
R.S. 47:1925.6 provides:
 All funds collected by the special district shall be paid into the assessor's salary and expense fund, which shall be disbursed by the assessor in accordance with law. Expenditures from the fund shall be subject to the public bid laws of the state of Louisiana. (Emphasis added)
We contacted the Livingston Parish Sheriff's Office who advised that the Livingston Parish Assessor is funded through an ad valorem millage. The only authorization for a millage to be levied for an assessor is if it is done through a tax assessment district. Accordingly, there is a Livingston Parish Tax Assessment District. Since there is a tax assessment district, the provisions of R.S. 47:1906 do not apply and the Livingston Parish Sheriff should not send the assessor a proportionate amount of the taxes collected for the tax recipient bodies in Livingston Parish, which tax recipient bodies include the Amite River Basin Drainage and Water Conservation District (the "District"). To the extent that Op.Atty.Gen. 02-489(A) indicated that there was no tax assessment district in Livingston Parish and that the assessor should be funded pursuant to R.S. 47:1906, that opinion is incorrect and is recalled.
We also affirm our opinion that there is no authority for the assessor to invoice the District for the cost of preparing the tax rolls to include the new Comite River Diversion Canal tax.
The cost of preparing the tax rolls to include a new tax is a part of the cost of performing the duties of the assessor.
Yours very truly,
RICHARD P. IEYOUB
Attorney General
 BY: ________________________________ MARTHA S. HESS Assistant Attorney General
/MSH
cc: Livingston Parish Sheriff
DATE RELEASED: August 15, 2003